UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHRISTOPHER HATCHER<br>individually on behalf of himself,<br>and on behalf of all others<br>similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>DAVID R. HINES, SHERIFF OF THE<br>COUNTY OF HANOVER, VIRGINIA<br><br>And<br><br>THE COUNTY OF HANOVER, VIRGINIA<br><br><br>         Defendants. | CASE NO.  3:23cv325 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiff Christopher Hatcher ("Plaintiff" or "Hatcher"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, files this Class and Collective Action Complaint against Defendants Hanover County, Virginia (the "County") and Hanover County Sheriff David R. Hines (the "Sheriff"), (collectively "Defendants").

## PRELIMINARY STATEMENT

1. Plaintiff and those similarly situated are current and former Sheriff's Deputies ("Deputies") employed by Defendants Hanover County, Virginia (the "County") and Hanover County Sheriff David R. Hines (the "Sheriff"), (collectively "Defendants") for the three years prior to this lawsuit. This proceeding seeks unpaid wage and overtime compensation for Plaintiff and all others similarly situated whilst the Deputies were "on duty" prior to the beginning of their

1

shifts, under the federal and state laws which establish wage and overtime compensation due to law enforcement officers.

2.      Count One is a "collective action" under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended ("FLSA") in which Plaintiff seeks to recover unpaid overtime compensation and liquidated damages from Defendant entities for himself and others similarly situated.

3.      Count Two is brought under this Court's supplemental jurisdiction, seeking unpaid compensation from Defendants Sheriff and County, but pursuant to the Virginia Wage Payment Act, Va. Code § 40.1-29 ("VWPA"). Plaintiff brings Count Two as a class action pursuant to Rule 23 Fed. R. Civ. P. seeking class relief for himself and all others similarly situated. Pursuant to VWPA at § 40.1-29(J), Plaintiff and those similarly situated are entitled to recover payment of their unpaid wages, an equal amount of liquidated damages, prejudgment interest, and attorney's fees. Further, Defendants' acts amounted to a "knowing" violation of the VWPA, thus entitling Plaintiff and putative class members to recovery of triple damages.

4.      Count Three is brought under this Court's supplemental jurisdiction, also seeking unpaid overtime compensation from Defendants Sheriff and County, but pursuant to the enhanced relief provided by the Virginia Gap Pay Act, Va. Code § 9.1-700, *et seq*. ("VGPA") for Virginia law enforcement personnel.  Plaintiff brings Count Three as a class action pursuant to Rule 23 Fed. R. Civ. P. seeking relief for himself and others similarly situated for declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages pursuant to Va. Code § 9.1-700, *et seq*.

5.      Count Four is brought under this Court's supplemental jurisdiction, also seeking damages, including backpay and liquidated damages. Plaintiff brings Count Four as a class action

pursuant to Rule 23 Fed. R. Civ. P. seeking relief for himself and a class of similarly situated Deputies under the Va. Code § 40.1-29.2, the Virginia Overtime Wage Act, ("VOWA"), for the period of July 1, 2021- June 30, 2022, during which time frame sovereign immunity was expressly waived, for which Defendants are liable for unpaid overtime, liquidated (double) damages, prejudgment interest and attorneys' fees, and for their acts amounting to a "knowing" violation of VOWA, Plaintiff and putative class members are entitled to recovery of triple damages.

## PARTIES

6.     Plaintiff Christopher Hatcher is a resident of Virginia and was employed by the Defendants as a "law enforcement employee" within the meaning of Va. Code § 9.1-700 *et seq.* as a Deputy Sheriff since 2002, specifically as an Investigator assigned to the street crimes unit from 2014 through the date of his retirement on May 31, 2022. Further, Plaintiff was an "employee" under Va. Code. § 40.1-29.2(A) for the period of time from July 1, 2021 until June 30, 2022.

7.     Hatcher seeks to represent a collective of individuals who are similarly situated to him, i.e., hourly-paid Deputies (at the rank of Lieutenant and below) employed as patrol officers or investigators by Defendants who were not paid compensation for all hours worked when they were "marked on duty".

8.     Upon information and belief, there are over two hundred (200) similarly situated current and former Deputies who are eligible to join this lawsuit.

9.     The Sheriff of Hanover County, David R. Hines, operates the Sheriff's office for and through Hanover County, Virginia, providing law enforcement services and protection to its citizens, including animal control, court services, civil process, traffic, criminal investigations, and administrative services. The Sheriff employs over 275 individuals, including approximately 250 sworn full-time law enforcement officers, known as Deputies.  The Sheriff was an "employer" and

a "person" within the meaning of Va. Code. § 40.1-29.2(A) for the period of time from July 1, 2021 until June 30, 2022 for which the General Assembly explicitly waived sovereign immunity for the Commonwealth of Virginia and its constitutional officers as to Count Three.

10.     The County of Hanover, Virginia was an employer or joint employer with the Sheriff during the relevant time period.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, and seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

13.     Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS

14.     Plaintiff, and all others similarly situated are, or were, employed by Defendants in hourly (non-salary) capacities for the last three years as Deputies.

15.     Upon information and belief, the County is a joint employer or integrated employer with the Sheriff in relation to Plaintiff's employment.

16.     Plaintiff's status as employees of the County is further evidenced by the fact that the County recognizes Sheriff's deputies as its employees for various purposes, including the provision of employment related benefits.

17.     Moreover, Deputies are required to adhere to various County policies, including the County's Human Resources Policies manual.

18.     Defendants required Sheriff's Deputies to sign a document confirming their receipt and abiding by the County's Human Resources Policies.

19.     The County provided human resources services to the Sheriff's Deputies, and administered the Deputies' benefits, pay, and payroll.

20.    The County administered a compensation plan specifically for the Deputies and county firefighters (called the Public Safety Pay Plan), and set the Deputies' pay ranges, pay scales, and all pay rules affecting the Deputies.

21.    Through the compensation plans, the County sets forth which Deputy positions are paid salary versus hourly, and it sets forth the exempt or non-exempt status (under the FLSA) of the various rankings of the deputies.

22.    Deputies at the rank of Lieutenant and below are paid hourly under the County's compensation plan and are therefore non-exempt from overtime under the FLSA.

23.    The County administered the Deputies time, pay, and benefits records through the County's software system (mainly Kronos, but a successor software system may be in place currently) which the Deputies were required to use to report the shifts they worked, the leave (sick, vacation, etc.) they took, and various benefits elections administered by the County.

24.    The Sheriff has authority to hire and fire the Deputies.

25.    Plaintiff and those similarly situated were required by Defendants to "mark on duty" upon leaving their homes in their Sheriff-issued patrol vehicles prior to the beginning of their shifts during which time they were uncompensated.

26.    To "mark on duty" means that a Deputy either calls in, or logs in from a laptop in the car, to the Sheriff's dispatch system to announce him/herself as being on duty, which means he/she is available to respond to calls, emergencies, or any other event for which such Deputy may be called upon.

27.    Each Deputy assigned to patrol or investigations units are required by the Sheriff to "mark on duty" from the moment s/he turns on his/her Sheriff-issued patrol car and commences the drive between his/her home and the starting location of the Deputy's scheduled work shift.

28.    Defendants employ, and have employed, multiple persons, who like Plaintiff were required, as part of their employment, to "mark on duty" for a period of time prior to their shift starting for which they were uncompensated.

29.    The duties performed by Deputies in the various Investigations units include investigating crimes, interviewing witnesses, surveilling suspects, fugitive apprehension, and other detective duties. The duties performed by Deputies in the Patrol units, including the "Safe Streets" unit, include patrolling the county, responding to calls, responding to accidents, community policing, writing reports, and other law enforcement patrol-type duties.

30.    There may be other units or departments in addition to Patrol and Investigations in which Deputies worked who are eligible to join this lawsuit, but on information and belief the majority will be in these units as the Sheriff's requirement to "mark on duty" from the patrol car generally applied to Deputies in Patrol and Investigations units.

31.    Defendants did not compensate Plaintiff or other similarly situated employees, for all of the time that it required him/them to be "on duty" prior to their shift starting.

32.    For the time period between July 1, 2021 and June 30, 2022, Plaintiff and others similarly situated were entitled to the rights, protections, and benefits provided under Va. Code § 40.1-29.2, the Virginia Overtime Wage Act ("VOWA").

33.    Since July 1, 2020, Plaintiff and others similarly situated have been entitled to the rights, protections, and benefits provided under Va. Code § 40.1-29(J), the Virginia Wage Payment Act.

34.    For the three-year period prior to the filing of this Complaint, Plaintiff and others similarly situated have been entitled to the rights, protections, and benefits provided under §§ 9.1-700 *et seq*, the Virginia Gap Pay Act.

35.     Plaintiff, and all those similarly situated, were entitled to compensation for submitting to Defendants' policy that they "mark on duty" while driving to either their target location or headquarters prior to the start of every assigned shift during the relevant time period.

36.     Defendants have knowingly refused to pay Plaintiff and similarly situated Deputies their wages in connection with the practices complained of herein.

37.     On information and belief, all or most Deputies are required to "mark on duty" from their patrol cars before the start of their scheduled shift.

38.     Defendants have additionally established common and uniform payroll policies with respect to time-keeping, payroll practices, and the payment (or non-payment) of overtime compensation which applied to Plaintiff and similarly situated Deputies in the performance of their law enforcement duties for Defendants.

39.     The proposed Collective of similarly situated employees would be composed of all present and former hourly-paid Deputies (with the rank of Lieutenant and below) who, during the relevant time periods were required to "mark on duty" from their patrol cars before the start of their scheduled shift and were subject to the same pay practices as Plaintiff which deprived such Deputies from overtime compensation for such time.

40.     Plaintiff and other similarly situated employees work regularly scheduled hours which recur each work week. Consistent with Defendants' 28-day/171-hour election made pursuant to 29 U.S.C. § 207(k), Defendants determined the Deputies overtime based on a twenty-eight (28) day work cycle.

41.     Pursuant to the FLSA and its regulations, an employer of law enforcement officers that elects a 28-day cycle is not required to pay an overtime premium to such law enforcement employees until they work over 171 hours in that cycle. *See* 29 CFR § 553.230

42.    Deputies in Investigations were scheduled to work one-hundred sixty (160) hours every twenty-eight (28) days.

43.    Deputies in Patrol were scheduled to work between 136.5 and 157.5 hours per twenty-eight (28) day cycle. Specifically, Patrol Deputies were scheduled to work 10.5 hours per shift as follows:

- 5 days on, 5 days off

- 5 days on, 4 days off

- 5 days on, 5 days off

- 4 days on, 5 days off

44.    The Patrol Deputies' schedule resulted in them working either 13, 14, or 15 days per twenty-eight (28) day cycle.

45.    All Patrol and Investigations Deputies are required to drive vehicles provided by Defendants (some vehicles are sheriff-marked vehicles and other vehicles were unmarked vehicles for undercover operatives) and park those vehicles at their homes in between shifts.

46.     In the case of Patrol Deputies, they must "mark on duty" from the time they leave their home, yet they do not start to receive compensation until the time they arrive at headquarters for their briefing and their shift officially begins. Patrol Deputies were expected to arrive at headquarters in time for the roll call and briefing.

47.    In the case of investigator Deputies, they must "mark on duty" from the time they leave their home, even though they do not start to receive compensation until the time they arrive at their "target location" and their shift begins. Investigators were expected to arrive at their "target location" approximately thirty minutes prior to their shift starting.

48.    While "marked" on duty but prior to their official shift beginning, Deputies could

be, and sometimes were, called to the scene of a crime or an accident.

49.    Despite being on duty, Deputies are not compensated from the time when they "mark on duty" until their official shift time begins for the day.

50.    Deputies are required to drive their County-issued vehicles home at the end of their shift each day.

51.    Every day he worked, Hatcher was "on duty" for approximately 45 minutes to one (1) hour prior to his shift beginning. Plaintiff was not compensated for the time prior to his shift beginning, despite department policy requiring he is to be both on-duty and monitoring the police dispatch.

52.    Due to Defendants' policy and practice of requiring Plaintiff to "mark on duty," and not paying for the time associated with same, Plaintiff and similarly situated Deputies were not compensated for the hours they were "on duty" prior to the beginning of each shift they worked during their 28-day work cycle.

53.    Due to Defendants' improper policy of not counting "on duty" time as payable, Plaintiff and similarly situated Deputies regularly and consistently worked, and/or were in "paid status" as defined by Va. Code § 9.1-703, for well over their regularly scheduled work hours without receiving overtime compensation for such "on duty" hours.

54.    It is Defendants' policy to not pay Deputies for the "on duty" time prior to the beginning of their shift.

55.    Defendants received the benefit of Deputies' labor but did not compensate them for their work during these periods of time that they were "marked on duty" prior to the start of their shift.

56.    Plaintiff, and those similarly situated, were all subject to the same payroll practices

and policies of Defendants.

57.    Plaintiff asserts that Defendants' knowing, reckless, or willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of a three (3) year limitations period for any Deputy who joins this case.

58.    Defendants' failure to pay wages to Plaintiff and similarly situated Deputies for the relevant time period has resulted in approximately $12,000,000 in wage theft depriving these law enforcement officers of their full and just compensation. The actual amount of wage theft committed by Defendants is far greater when considering that this unlawful practice was occurring beyond any applicable statute of limitations.

## CLASS ACTION ALLEGATIONS FOR COUNTS II, III & IV

The Plaintiff brings this action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure

### A.  Class Definitions

59.    Plaintiff, as the Rule 23 Class Representative, seeks to maintain a claim in Count Two pursuant to Va. Code § 40.1-29(J), the Virginia Wage Payment Act ("VWPA") individually on his own behalf, and on behalf of a class of: all current and former Hanover County Sheriff's Deputies employed by Defendants at the rank of Lieutenant or below in a patrol, investigations, or similar unit, who were issued take-home patrol cars and were required to "mark on duty" as soon as they began driving, during any time within the liability period since July 1, 2020, when the VWPA was enacted.

60.    Plaintiff, as the Rule 23 Class Representative, seeks to maintain a claim in Count Three pursuant to Va. Code §§ 9.1-700 *et seq*., the Virginia Gap Pay Act ("VGPA") individually on his own behalf, and on behalf of a class of: all current and former Hanover County Sheriff's Deputies employed by Defendants at the rank of Lieutenant or below in a patrol, investigations, or

similar unit, who were issued take-home patrol cars and were required to "mark on duty" as soon as they began driving, during any time within the past three years.

61.    Plaintiff, as the Rule 23 Class Representative seeks to maintain a claim in Count Four pursuant to Va. Code § 40.1-29.2, the Virginia Overtime Wage Act ("VOWA") individually on his own behalf, and on behalf of a class of: all current and former Hanover County Sheriff's Deputies employed by Defendants at the rank of Lieutenant or below in a patrol, investigations, or similar unit, who were issued take-home patrol cars and were required to "mark on duty" as soon as they began driving, during any time within the liability period between July 1, 2021 and June 30, 2022, when VOWA was in effect and sovereign immunity was waived.

**B.  Efficiency of Class Prosecution of Common Claims**

62.    Certification of a class of current and former Deputies is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representatives and the proposed class. Conversely, proceeding on an individual basis will require the filing of potentially over a hundred duplicative individual suits, which will waste judicial time and resource and create the risk of inconsistent or varying adjudications of common issues.

**C.  Numerosity and Impracticality of Joinder**

63.    The class which the Class Representative seeks to represent is so numerous that joinder is impracticable. On information and belief, there are approximately two hundred (200) eligible current and former Hanover County Sheriff's Office Deputies during the liability period who have been unlawfully denied wages and overtime compensation to which they are entitled by virtue of Va. Code §§ 9.1-700 *et seq.*, § 40.1-29.2, and § 40.1-29(J).

### D.  Common Questions of Law and Fact

64.    The entitlement to wages and overtime premium under state law, Plaintiff's objective expectation in the payment of wages and overtime for services rendered to public purpose, pursuant to Va. Code §§ 9.1-700 *et seq*., 40.1-29.2, and 40.1-29(J), present common issues of fact and law in this matter. Moreover, Defendants have utilized centralized pay, timekeeping, and compensation practices in the calculation and payment of straight wages and overtime compensation which apply uniformly to the class representatives and to those other Deputies they seek to represent. On information and belief, all present and former Hanover Sheriff's Office Deputies were subject to the same centralized pay, timekeeping, and compensation practices during the liability period.

65.    Common issues of fact and law exist in this matter as to the Defendants' knowledge of, non-payment of, and refusal to pay, compensation and overtime as mandated by Va. Code §§ 9.1-700 *et seq.*, 40.1-29.2, and 40.1-29(J). Common issues of fact and law also exist in this matter regarding the Sheriff's and County's pay, timekeeping, and compensation practices for the Sheriff's Deputies, and Defendants' compliance with applicable state and federal laws regarding Virginia law enforcement personnel's entitlement to, and Defendants' payment of, overtime compensation for services provided to the public.

### E.  Typicality of Claims and Relief Sought

66.    The claims of the Class Representative are typical of those of the putative class members as a whole in that their claims are based on the same scheduling and compensation practices. The relief sought by the Class Representative for overtime compensation is also typical of the relief which is sought on behalf of the proposed class.

### F.  Adequacy of Representation

67.     Plaintiff is an adequate class representative. His interests are co-extensive with those of the members of the proposed class he seeks to represent in this case. He has knowledge of Defendants' scheduling and compensation practices. He is committed to being a representative of the class, and he has retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G.  Rule 23(B)(3) Requirements

68.     Common questions of law and fact predominate over any questions affecting only individual members because the basis of any claims herein is the common application of policy, Plaintiff and those similarly situated Deputies' entitlement to wages under state law, and Plaintiff's objective expectation in the payment of wages and overtime for services rendered to public purpose, pursuant to Va. Code §§ 9.1-700 *et seq*., 40.1-29.2, and 40.1-29(J) as well as the common scheduling and compensation practices of the Defendants pursuant to County policy.

69.     A class action is superior to other available methods for adjudicating the controversy because other methods would potentially involve the filing of over a hundred individual claims all based on the same centralized scheduling and compensation facts and the same legal issues regarding the same. Scores of duplicative individual cases would clog the court and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue could lead to inconsistent or varying adjudications of the same issue.

70.     The putative class members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized scheduling and compensation practices and their recovery in either an individual or class action will be based on the amount of overtime compensation that they have been denied by Defendants.

71.    The Class Representative and counsel are not aware of any other pending litigation concerning the controversy that involves other proposed class members.

72.    It is desirable to concentrate the claims in this forum because the employment practices complained of herein occurred exclusively in this forum.

73.    The Class Representative and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

<u>**COLLECTIVE ACTION ALLEGATIONS FOR COUNT I**</u>

74.    Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff. Plaintiff consents to become a party Plaintiff in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiff's "Consent to Join Collective Action" filed herewith as **Exhibit 1**.

75.    Defendants employ, and have employed, multiple persons in the same job functions and/or position as Plaintiff occupied.

76.    These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

77.    Defendants compensated, and continue to compensate, Plaintiff and those similarly situated, on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

78.    On information and belief, all of Defendants' relevant operations are centrally managed as a single enterprise, and all or most eligible Deputies are subject to common, uniform time-keeping and payroll practices. Defendants have additionally established uniform payroll policies with respect to the payment of overtime compensation which applies to Plaintiff and those

similarly situated in the performance of law enforcement duties for Defendants.

79.    The FLSA "collective" of similarly situated employees is composed of: all current and former Hanover County Sheriff's Deputies employed by Defendants at the rank of Lieutenant or below in a patrol, investigations, or similar units, who were issued take-home patrol cars and were required to "mark on duty" as soon as they began driving, during any time within the past three years.

80.     Such similarly situated Deputies were subject to the same timekeeping, pay, and compensation practices as Plaintiff.

81.    Plaintiff asserts that Defendants' willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three-year limitations period.

82.    Plaintiff and those similarly situated to Plaintiff, were all paid on an hourly basis and thus are specifically not exempt from the coverage of the FLSA.

83.    At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

<u>COUNT I</u>

**FAIR LABOR STANDARDS ACT (FLSA)**

84.    At all times relevant to the matters alleged herein, Defendants had engaged in a pattern, practice or policy of not compensating Deputies in accordance with state and federal mandates for certain overtime work performed for Defendants' benefit.

85.    The FLSA requires covered employers such as Defendants to compensate Deputies at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of one hundred and seventy-one (171) hours in a twenty-eight (28) day period.

86.    At all times relevant hereto, Defendants knew, or should have known, that the

15

FLSA applied to Plaintiff and others similarly situated.

87.     On information and belief, Defendants had knowledge of their FLSA requirements to pay Deputies for time spent working while they are "on duty".

88.     On information and belief, Defendants had knowledge that Plaintiff and all others similarly situated often were required to "mark on duty" for hours that were above and beyond Plaintiff's normally scheduled hours, resulting in work above and beyond one hundred and seventy-one (171) hours in a twenty-eight (28) day period.

89.     Despite knowledge of their obligations under federal wage laws, including the FLSA, Defendants suffered and permitted Plaintiff and similarly situated employees to routinely "mark on duty" without paying all overtime compensation due.

90.     Defendants willfully violated the FLSA by their failure to pay Plaintiff and other similarly situated employees overtime compensation for "on duty" time spent prior to the beginning of their shifts, which pushed their total hours worked in excess of one hundred and seventy-one (171) hours in a twenty-eight (28) day period.

91.     Plaintiff, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of this Complaint.

92.     Defendants have shown reckless disregard for the FLSA's overtime requirements for law enforcement personnel.  Although Defendants had an obligation to make proper inquiry into their FLSA compliance obligations, they failed to do so or, having inquired, they ignored or willfully attempted to avoid their legal obligations.

93.     Defendants have not acted in good faith with respect to their failure to pay overtime compensation.  Defendants had no legitimate reason to believe their actions and omissions were

*not* a violation of the FLSA, thus entitling Plaintiff, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

## COUNT II

### VIRGINIA WAGE PAYMENT ACT (VWPA), VA. CODE § 40.1-29(J)

94.    Defendants knowingly violated Virginia Wage Payment Act, Va. Code § 40.1-29 by failing to pay Plaintiff the wages for necessary and compensable time spent working "on duty" prior to the beginning of their shifts.

95.    Defendants' policy of non-payment has forced employees to work "off-the-clock" and has deprived them of earned regular wages and overtime compensation.

96.    Pursuant to Va. Code § 40.1-29(J), Plaintiff and similarly situated Deputies are entitled to recover payment of their unpaid wages, an equal amount of liquidated damages, prejudgment interest, and attorney's fees.  Further, Defendants' violation was knowing, thus entitling Plaintiff to recovery of triple damages.

97.    Pursuant to Rule 23, Plaintiff brings this as a class action on behalf of the class definition recited above.

## COUNT III

### VIRGINIA GAP PAY ACT (VGPA), VA. CODE § 9.1-700, *et seq*.

98.    Defendants have violated Va. Code §§ 9.1-701 through 9.1-703 by depriving Plaintiff, and putative class members all of whom were subject to the same policies, of their full overtime pay rates.

99.    In 2005, Va. Code §§ 9.1-700, *et seq*. was amended to require that Virginia law enforcement officers working for jurisdictions employing one hundred (100) or more law

17

enforcement employees be paid overtime compensation for the difference between their regularly scheduled work hours and the federal maximum hours allowed by 29 U.S.C. § 201(k).

100.    Defendants have knowingly and willfully violated Va. Code §§ 9.1-700, *et seq.* as Defendants knew or showed a reckless disregard for the fact that they have failed to pay Plaintiff in accordance with the mandate of the law for time that the Deputies were "on duty" prior to their regular shifts.

101.    Pursuant to Va. Code § 9.1-704, Plaintiff and similarly situated employees are entitled to payment of their "on duty" time at an overtime premium, an additional doubling of that amount for the failure to pay compensation in the pay period due, and payment for their attorney's fees and costs incurred in this proceeding.

102.    During the past three years, Plaintiff and other similarly situated employees were regularly "on duty" and were required to work before the start of their shift, without compensation for the same.

103.    As a result of the practice s described herein, Plaintiff and other similarly situated employees were not paid overtime for regularly worked hours over their scheduled shift-hours, but under the FLSA threshold of 171 hours per twenty-eight (28) day cycle.

104.    Hatcher worked over his scheduled shift-hours for Investigations Deputies during the given twenty-eight (28) day cycle on numerous occasions until his retirement in May 2022. Other Investigations Deputies were subject to the exact same pay and scheduling practices and therefore also regularly worked over their scheduled hours over the course of a given twenty-eight (28) day cycle.

105.    Patrol Deputies similarly worked "on duty" hours before the start of each of their shifts, and as a result, regularly worked over their regularly scheduled shift-hours during each

twenty-eight (28) day cycle. Depending on the cycle, Patrol Deputies were regularly scheduled for either 136.5 hours (13 days), 147 hours (14 days), or 157.5 hours (15 days) per twenty-eight (28) day period.

106.    As of the date of this filing, Defendants did not pay Plaintiff or other similarly situated employees full overtime compensation for all hours worked and/or in paid status in excess of their regularly scheduled shift-hours in each twenty-eight (28) day cycle.

107.    Despite knowledge of its obligations under Virginia's police officer wage laws, Defendants permitted Plaintiff and similarly situated employees to routinely work in excess of their regular schedule without paying all overtime compensation due.

108.    Defendants willfully violated Virginia law by its failure to pay Plaintiff, and other similarly situated employees, overtime compensation in accordance with Virginia Code § 9.1-700 *et seq.*

109.    The foregoing conduct constitutes a willful violation within the meaning of Virginia Code § 9.1-705, as Defendants knew or showed reckless disregard for the fact that the County's compensation practices were in violation of Virginia law.

110.    Pursuant to Rule 23, Plaintiff brings this as a class action on behalf of the class definition recited above.

## COUNT IV

## VIRGINIA OVERTIME WAGE ACT (VOWA), VA. CODE § 40.1-29.2

111.    On July 1, 2021 the General Assembly enacted Va. Code § 40.1-29.2, the Virginia Overtime Wage Act, (VOWA) which expressly defined "person" to include "the Commonwealth, any of its constitutional officers, agencies, institutions, or political subdivisions, or any public body" The definition also explicitly stated that it, "constitutes a waiver of sovereign immunity by the Commonwealth."

112.    Pursuant to VOWA, effective July 1, 2021, Hatcher and those similarly situated, were entitled to receive an overtime premium for all hours that they worked beyond 171 hours in a twenty-eight (28) day cycle as set forth by 20 U.S.C. § 207(k), and incorporated by Va. Code § 40.1-29.2(C).

113.    The General Assembly amended VOWA effective July 1, 2022 to make it conform with the Fair Labor Standards Act (FLSA) as of that date forward, which does not include a sovereign immunity waiver.

114.    From July 1, 2021 through June 30, 2022, VOWA contained an explicit sovereign immunity waiver such that Hatcher and other similarly situated employees have a private right of action to bring overtime claims against Defendants for occurrences during that time period. A copy of the version of VOWA in effect from July 1, 2021 through June 30, 2022 is attached hereto as **Exhibit 2.**

115.    During the weeks between July 1, 2021 and June 30, 2022, Hatcher worked over 171 hours during twenty-eight (28) cycles on numerous occasions until his retirement in May 2022.  Other Deputies were subject to the exact same pay and scheduling practices and therefore, on information and belief, worked over 171 hours during twenty-eight (28) day cycles during this time.

116.    Defendants were aware that Plaintiff and other Deputies consistently "marked on duty" before the start of their shifts, and in fact were directed to do so by Defendants.

117.    Similarly situated Deputies were entitled to receive overtime under VOWA but received no overtime premium during the weeks between July 1, 2021 and June 30, 2022.

118.    Between July 1, 2021 through June 30, 2022, Defendants violated Va. Code § 40.1-29.2 by failing to pay Plaintiff, and those similarly situated, an overtime premium for all

hours worked in excess of 171 hours per twenty eight (28) cycle for the time when Deputies marked "on duty" until the time that their shift started, thereby depriving Plaintiff, and others who were subject to the same policies, of wages at an overtime pay rate(s) of their wage plus a one-and-one-half (1.5x) premium.

119.    Defendants knew that Plaintiff and similarly situated Deputies were not paid any overtime premium for such "on duty" hours, therefore Defendants' violations of VOWA were knowing.

120.    Pursuant to Rule 23, Plaintiff brings this as a class action on behalf of the class definition recited above.

<u>**PRAYER FOR RELIEF FOR COUNT I**</u>

**FLSA Claim**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiff, as defined in the proposed collective action above, of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b). Generally, this notice should inform such current and former employees that this action has been filed, describe the nature of the action, and explain their right to opt-in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked during each 28-day cycle during the three-year statutory period;

B.    Designate this action as a collective action pursuant to 29 U.S.C. § 216(b) for the FLSA claim asserted in Count I;

C.    Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D.    Enter judgment awarding Plaintiff, and all similarly situated current and former

employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendants;

E.      Enter judgment that Defendants' violations of the FLSA were willful;

F.       Enter judgment awarding Plaintiff and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G.      Enter judgment for post-judgment interest at the applicable legal rate;

H.      Enter judgment awarding Plaintiff, and those similarly situated, reasonable attorneys' fees and costs of this suit;

I.      Grant leave to amend to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

J.      Enjoin Defendants from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of the statutory maximum;

K.      Grant such other and further relief as this Court deems necessary and proper.

## PRAYER FOR RELIEF FOR COUNTS II-IV

### Virginia State Law Wage Claims

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Certify this action asserting the putative class's rights under Va. Code §§ 9.1-700 *et seq*. (VGPA), § 40.1-29.2 (VOWA), and § 40.1-29(J) (VWPA), to proceed as a class action, pursuant to Rule 23 Fed. R. Civ. P, upon Plaintiff's filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiff, as set forth in the

respective proposed class definitions above, of the existence of this action, the claims set forth herein, and notice of their rights herein;

B.     Award appropriate declaratory relief regarding Defendants' unlawful acts and practices, in violation of Va. Code §§ 9.1-700 *et seq*., § 40.1-29.2, and § 40.1-29(J) and injunctive relief to prevent such practices continuing in the future;

C.     Award appropriate back pay in amounts equivalent to Plaintiff's previously deprived wages, and a doubling of the same pursuant to Va. Code §§ 9.1-701 through 9.1-704 (VGPA);

D.     Award wages owed, an additional equal amount as liquidated damages, and triple damages for a "knowing" violation, prejudgment interest under Va. Code § 40.1-29(J) (VWPA) and § 40.1-29.2 (VOWA);

E.     Award attorneys' fees and costs incurred on Plaintiff's behalf, pursuant to Va. Code § 9.1-704; § 40.1-29(J) and § 40.1-29.2; and

F.     Grant such other and further relief to which Plaintiff may show he and those similarly situated are justly entitled.

## <u>Demand for Jury Trial</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby request a TRIAL BY

JURY for all claims and issues so triable.

Dated: May 15, 2023

<div style="margin-left: 40%;">

Respectfully submitted,
**Christopher Hatcher, on behalf of himself and
others similarly situated**
Plaintiff


By:___*/s/ Craig Juraj Curwood*_____
    Craig Juraj Curwood (VSB No. 43975)
    Zev H. Antell (VSB No. 74634)
    Samantha R. Galina (VSB No. 96981)
    Butler Curwood, PLC
    140 Virginia Street, Suite 302
    Richmond, VA 23219
    Telephone: (804) 648-4848
    Fax: (804) 237-0413
    craig@butlercurwood.com
    zev@butlercurwood.com
    samantha@butlercurwood.com
    *Attorneys for Plaintiffs*

</div>