# EXHIBIT 7

**Rule 23 Class Action and FLSA Collective Action Notice**

TO: Present and former Hanover County Sheriff's Deputies at the rank of Lieutenant or below in a patrol, investigations, or similar unit, who were issued take-home patrol cars during any time since May 15, 2020.

RE:    A lawsuit seeking to recover unpaid overtime compensation.

DATE: _____

1.    WHY YOU ARE RECEIVING THIS NOTICE

This notice is to inform you of a Class and Collective Action lawsuit in which you may be "similarly situated" to the current plaintiff and opt-in participants, to advise you of how your rights under Va. Code § 9.1-700 *et seq.* and Va. Code § 40.1-29.2 and the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") may be affected by this suit, and to instruct you on the procedure for participating, or not participating, in this suit.  You have been identified by the Defendants as a potential class and/or collective action member.

2.    DESCRIPTION OF THE LAWSUIT

Christopher Hatcher, on behalf of himself and others similarly situated ("Plaintiffs") filed this lawsuit against the City of Richmond, Virginia ("Defendant") in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:23-cv325. Plaintiff, and those who have opted in to the matter since filing, seek to pursue this lawsuit on behalf of themselves and all other current or former similarly situated deputies employed by the Hanover County Sheriff since May 15, 2020.

Plaintiffs assert that Defendants (The County of Hanover, Virginia and the Sheriff of the County of Hanover, Virginia),  violated Va. Code § 9.1-700 *et seq.* and Va. Code § 40.1-29.2 the FLSA by failing to pay nonexempt noncourt deputies with take home cars for the time spent between their required marking on duty and the commencement of their scheduled start time. Plaintiff contends that the Defendants required Deputies to mark on duty as the start of their principal work activities, but that deputies were not compensated until the beginning of their scheduled shift.  Plaintiff contends that deputies are entitled to FLSA overtime compensation at the rate of one and one-half times their hourly rate for work periods in which they worked more than one hundred and seventy onehours (171) in a twenty-eight (28) day period. Plaintiff further contends that overtime is also owed pursuant to Va. Code § 9.1-700 *et seq.* and Va. Code § 40.1-29.2 for all time worked beyond a deputy's scheduled hours as well as for hours beyond the 171 hour FLSA threshold.  Plaintiff contends that with the inclusion of the subject unpaid time, deputies have not been paid all overtime compensation owed under the FLSA nor what is owed under Va. Code § 9.1-700 *et seq.* and Va. Code § 40.1-29.2.

Plaintiffs are suing to recover the allegedly unpaid overtime wages, an additional equal amount as liquidated and/or treble damages, and attorneys' fees and costs.

1

The Defendants deny Plaintiffs' claims and contend that deputies were properly paid all wages owed. The Defendants also claim several additional defenses including that they are immune from the claims levied and that they are not a proper party to this suit. These defenses could potentially bar all or some of Plaintiff's claims.

The case is in the early stages of litigation, and the Court has not decided yet whether Plaintiffs' claims are valid or whether Defendants' defenses are valid.

3.      SUMMARY OF YOUR LEGAL RIGHTS WITH RESPECT TO THE CLASS ACTION VIRGINIA CLAIMS PORTION OF THE LAWSUIT

| | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome.** By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you give up any rights to sue Defendants separately about the Virginia claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.** If you ask to be excluded and money or benefits are later awarded, you will not share in those. But, you keep any rights to sue Defendants separately about the Virginia claims in this lawsuit. |

4.      WHAT IS A CLASS ACTION, WHO IS INVOLVED AND WHY IS THIS A CLASS ACTION?

In a class action lawsuit, one or more individuals called "Class Representatives" sue on behalf of a group of other people who have similar claims. If you worked as a nonexempt noncourt deputy for the Defendants and were assigned a take home car since May 15, 2020, you are automatically included in the class. You do not have to file any documents to join the class action. You can, however, exclude yourself from the class action, but you must do so by following the instructions in Section 6 below.

The Court decided that this lawsuit can proceed as a class action because all the requirements for bringing a class action in court were met. The Court has not yet made any decisions about the merits of the Plaintiff's claims or Defendats' defenses.

5.      WHAT DOES PLAINTIFF SEEK IN THE CLASS ACTION CLAIMS?

Under Virginia state law, the Plaintiff and class members are seeking to recover unpaid overtime wages, liquidated or treble damages (from July 1, 2021 to June 30, 2022) for Defendants' failure to timely pay Plaintiff and the class members their overtime pay. Plaintiff is also seeking attorneys' fees and costs.

6.    WHAT IF I DO NOT WANT TO PARTICIPATE IN THE CLASS ACTION PORTION OF THE LAWSUIT?

If you do not want to participate in the class action portion of the lawsuit, you must send a letter by mail, or e-mail to Class Counsel identified below, stating "I wish to be excluded from the Hanover Sheriff unpaid overtime wages class action."

**Samantha Galina**
**Butler Curwood, PLC**
**140 Virginia Street, Ste. 302**
**Richmond, Virginia 23219**
**Telephone: (804) 648-4848**
**Facsimile: (804) 237-0413**
**samantha@butlercurwood.com**

**The deadline to opt out of the Virginia Class Action Portion of the lawsuit is [60 days from sending date]**

7.    YOUR RIGHT TO PARTICIPATE IN THE FLSA PORTION OF THE SUIT

You may join the FLSA portion of this lawsuit ("opt-in" as a party) if: 1) you have performed work as a non-court, non exempt deputy officer for Hanover County and were assigned a take home car anytime between May 15, 2020, and the present; and 2) you believe that you were not paid overtime wages for all of your hours worked, inclusive of any time spent after you marked on but before the start of your scheduled shift.

**You are not required to join this lawsuit. If, however, you wish to join as a Party, you may sign the enclosed "Consent to Join Collective Action" form and mail, email, or fax it to Plaintiffs' counsel at the following address:**

**Samantha Galina**
**Butler Curwood, PLC**
**140 Virginia Street, Ste. 302**
**Richmond, Virginia 23219**
**Telephone: (804) 648-4848**
**Facsimile: (804) 237-0413**
**samantha@butlercurwood.com**

If you want to assert a claim in court and become a party to the FLSA portion of this lawsuit, you either must return the signed form to Plaintiffs' counsel, or retain other counsel in time for counsel to file your consent to join this action with the United States District Court for the Eastern District of Virginia, Richmond Division, on or before **[60 days from the date**

3

**of mailing]**. If you fail to file a "Consent to Join Collective Action" with the court on or before the above deadline, you may not be able to participate as a party in this lawsuit.

If you file a "Consent to Join Collective Action" form, the Court will decide whether you are, in fact, a proper party.

8.    EFFECT OF JOINING THE FLSA PORTION OF THIS SUIT

If you choose to join in the FLSA portion of this suit, you will be bound by the judgment of the Court, whether it is favorable or unfavorable. You will also give up the right to file suit in a separate action for the claims made in this case. While the suit is pending, you may be required to assist Plaintiffs' counsel in this matter. Such assistance might include giving your sworn testimony or participating in written discovery.

The attorneys for Plaintiffs will seek payment of attorneys' fees either on a percentage contingency fee basis out of any recovery; pursuant to a statutory award of attorneys' fees paid by Defendant; or a combination of statutory fees paid by Defendant and a percentage contingency fee where such statutory fees offset the percentage contingency fee to be paid to attorneys for Plaintiffs. In no event will Plaintiffs' counsel seek, or be compensated, both the full contingency fee and full statutory fee paid by Defendant. Any payment of attorneys' fees in this matter is subject to the Court's approval.

If there is no recovery, there will be no attorneys' fees. If you join this suit and agree to be represented by Plaintiffs' counsel, then you will be provided a contingency fee agreement (a copy of which is available to potential Plaintiffs from Plaintiffs' counsel) by which you will designate Plaintiffs' counsel as your attorney to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit.

9.    NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this suit, your rights will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not join this suit, you are free to be represented by the attorney of your choice.

10.    NO RETALIATION PERMITTED

Federal and state law prohibits the Defendants from discriminating or retaliating against you because you have exercised your rights under the FLSA or state law by filing or joining a lawsuit seeking to enforce these rights. Examples of prohibited retaliation include discharge from employment, demotion, suspension, or other adverse actions.

11.    YOUR LEGAL REPRESENTATION IF YOU JOIN THE FLSA PORTION OF THE LAWSUIT AND/OR DO NOT OPT OUT OF THE CLASS ACTION PORTION OF THE LAWSUIT

4

The attorneys and firm listed below have been appointed to represent the interests of the Class and Collective Action members:

Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

## 12.    HOW WILL THE LAWYERS BE PAID?

The attorneys for Class and Collective will seek payment of attorneys' fees either on a percentage contingency fee basis out of any recovery; pursuant to a statutory award of attorneys' fees paid by Defendants; or a combination of statutory fees paid by Defendants and a percentage contingency fee where such statutory fees offset the percentage contingency fee to be paid to attorneys for Plaintiffs. In no event will Plaintiff's counsel seek, or be compensated, both the full contingency fee and full statutory fee paid by Defendants. Any payment of attorneys' fees in this matter is subject to the Court's approval. If there is no recovery, there will be no attorneys' fees.

## 13.    HOW AND WHEN WILL THE COURT DECIDE WHO IS RIGHT?

If the lawsuit is not resolved by a settlement or by the Court, the matter will proceed to trial. During the trial, the parties will present evidence, including the testimony of witnesses to help reach a decision about which side is right about the claims in the lawsuit. There is no guarantee that the collective or the class will prevail, or that they will be awarded any damages. The Court has not set a date for the class and collective action trial.

## 14.    FURTHER INFORMATION

Further information about this notice, the Class or Collective action claims at issue, the deadline for filing a "Consent to Join Collective Action" or any other questions concerning this lawsuit may be obtained by contacting Plaintiff's counsel at the number and address stated above.

DO NOT CONTACT THE COURT DIRECTLY

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **CHRISTOPHER HATCHER**<br>**individually on behalf of himself,**<br>**and on behalf of all others**<br>**similarly situated,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**DAVID R. HINES, SHERIFF OF THE COUNTY**<br>**OF HANOVER, VIRGINIA**<br><br>**and**<br><br>**THE COUNTY OF HANOVER, VIRGINIA**<br>    **Defendants.** | **CIVIL ACTION NO.  3:23-cv-325** |

CONSENT TO JOIN COLLECTIVE ACTION

I hereby consent to opt-in to become a plaintiff in a collective action against Defendants in order to recover for violations of wage and hour laws.

_____
Signature

_____
Printed Name

6

**Page 2**
**[This Information will <u>not</u> be filed with the Court.]**

**Note: This claim is intended for Deputies at the rank of Lieutenant of below who worked in either patrol or investigations, or a similar unit, at any time over the past three years.**

_____
Address

_____
City, State ZIP

_____
Home Number/Cell Number

_____
E-Mail Address (personal e-mail only)

_____
Emergency Contact Name

_____
Emergency Contact Phone Number

I was employed as a Hanover County Sheriff's Deputy for at least one week within the last 3 years?  Yes_____        No _____

The Rank(s) I held within the past 3 years: _____

The units I was assigned to within the past 3 years (e.g., patrol, investigations, etc.):

_____

7