IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER HATCHER
INDIVIDUALLY ON BEHALF OF
HIMSELF, AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

   Plaintiffs,

v.                                                  Case No. 3:23-cv-00325-JAG

THE COUNTY OF HANOVER, VIRGINIA,

   Defendant.

## ANSWER TO COMPLAINT

Defendant the County of Hanover, Virginia ("the County"), by counsel, for its Answer to Plaintiffs' Class and Collective Action Complaint, hereby denies that Plaintiffs did not receive full overtime compensation, denies that it is Plaintiffs employer, denies that it is liable to Plaintiffs in any way, and further states as follows:

## PRELIMINARY STATEMENT

1.     In answer to Paragraph 1 of the Complaint, Defendant admits that Plaintiff Hatcher was employed by the Hanover County Sheriff from January 1, 2002 until May 31, 2022, but denies that any other putative plaintiffs are "similarly situated" to Plaintiff and further denies that the County is or was an employer of Plaintiff Hatcher or any other putative plaintiffs. The County avers that the remaining allegations contained in Paragraph 1 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required, the County denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 2 of the Complaint does allege any fact requiring a response,

those allegations are denied. The County further affirmatively denies that this action should proceed as a class or collective action.

3. Paragraph 3 of the Complaint does not allege facts requiring a response from the County. Furthermore, Plaintiffs voluntarily dismissed Count II on August 21, 2023. (ECF Doc. 31.) Therefore, to the extent a response is required, the County denies the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 4 of the Complaint does allege any facts requiring a response, those allegations are denied. The County further affirmatively denies that this action should proceed as a class or collective action.

5. Paragraph 5 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 5 of the Complaint does allege any facts requiring a response, those allegations are denied. The County further affirmatively denies that this action should proceed as a class or collective action.

**PARTIES**

6. In answer to Paragraph 6 of the Complaint, the County admits that Plaintiff Hatcher is a resident of Virginia who was employed by the Hanover County Sheriff from January 1, 2002 until May 31, 2022. The County admits that Plaintiff Hatcher was assigned to the street crimes unit effective November 1, 2014. The County avers that it was not an employer of Plaintiff Hatcher or any other Sheriff's Deputy. All remaining allegations contained in Paragraph 6 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required, the County denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 7 of the Complaint does allege any facts requiring a response, those allegations are denied. The County further affirmatively denies that any other putative plaintiffs are similarly situated to Plaintiff Hatcher and avers that it was not an employer of Plaintiff Hatcher or any other Sheriff's Deputy.

8. The County denies the allegations contained in Paragraph 8 of the Complaint.

9. In answer to Paragraph 9 of the Complaint, the County admits that David R. Hines, Sheriff, operates the Hanover County Sheriff's Office, which provides law enforcement services and protection including court services, traffic, criminal investigations, and administrative services. The County admits that the Sheriff employs Sheriff's Deputies. The County is without sufficient information to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint and, therefore, denies them.

10. The County denies the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. In answer to Paragraph 11 of the Complaint, the County admits that this Court has jurisdiction over this matter but denies that it took any acts that give rise to a claim on behalf of Plaintiff Hatcher or any other putative plaintiffs.

12. In answer to Paragraph 12 of the Complaint, the County admits that venue is proper in this Court but denies that it took any acts that give rise to a claim on behalf of Plaintiff Hatcher or any other putative plaintiffs.

13. In answer to Paragraph 13 of the Complaint, the County admits that it is subject to personal jurisdiction in the Commonwealth of Virginia but denies that it took any acts that give rise to a claim on behalf of Plaintiff Hatcher or any other putative plaintiffs.

## **FACTUAL ALLEGATIONS**

14. The County denies the allegations contained in Paragraph 14 of the Complaint in the manner and form alleged. The County was not during the last three years or any other time, and is not currently, the employer, joint employer, or integrated employer for Plaintiff Hatcher or any other Sheriff's Deputy as a Sheriff's Deputy.

15. The County denies the allegations contained in Paragraph 15 of the Complaint.

16. The County denies the allegations contained in Paragraph 16 of the Complaint in the manner and form alleged.

17. The County denies the allegations contained in Paragraph 17 of the Complaint in the manner and form alleged.

18. The County denies the allegations contained in Paragraph 18 of the Complaint in the manner and form alleged.

19. In answer to Paragraph 19 of the Complaint, the County avers that pursuant to an unwritten agreement between the County and Sheriff Hines, the County provides certain third-party administrative services to the Sheriff and his deputies, including administering payroll and benefits. The County denies any and all remaining allegations contained in Paragraph 19 of the Complaint in the manner and form alleged.

20. In answer to Paragraph 20 of the Complaint, the County avers that, pursuant to an unwritten agreement between the County and Sheriff Hines, Deputies are paid pursuant to the Public Safety Compensation Plan. The County further avers that it has no control over the pay and overtime policies and practices for Sheriff's Deputies. The County denies any and all remaining allegations contained in Paragraph 20 of the Complaint in the manner and form alleged.

21.     In answer to Paragraph 21 of the Complaint, the County avers that, pursuant to an unwritten agreement between the County and Sheriff Hines, Deputies are paid pursuant to the Public Safety Compensation Plan, which speaks for itself.  The County further avers that it has no control over the pay and overtime policies and practices for Sheriff's Deputies.  The County denies any and all remaining allegations contained in Paragraph 21 of the Complaint in the manner and form alleged.

22.     In answer to Paragraph 22 of the Complaint, the County avers that, pursuant to an unwritten agreement between the County and Sheriff Hines, Deputies are paid pursuant to the Public Safety Compensation Plan, which speaks for itself.  The County further avers that it has no control over the pay and overtime policies and practices for Sheriff's Deputies.  The County denies any and all remaining allegations contained in Paragraph 22 of the Complaint in the manner and form alleged.

23.     In answer to the allegations contained in Paragraph 23 of the Complaint, the County avers that, pursuant to an unwritten agreement between the County and Sheriff Hines, the County provides certain third-party administrative services to the Sheriff and his deputies, including administering payroll.  The County admits that, at all times referenced in the Complaint, Kronos has been used to record time worked for payroll purposes.  The County denies any and all remaining allegations contained in Paragraph 23 of the Complaint in the manner and form alleged.

24.     The County admits the allegations contained in Paragraph 24 of the Complaint.

25.     The County is without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore denies them in the manner and form alleged.

26. In answer to Paragraph 26 of the Complaint, the County avers that Sheriff's Deputies are able to mark "on" with the Emergency Communications Department through their mobile data terminal in their vehicles or by communicating over the radio to dispatch. The County further avers that regardless of when a Sheriff's Deputy marks "on," the Emergency Communications Department does not dispatch Sheriff's Deputies to calls for service until the deputies are "clear and available" after roll call. The County is without sufficient information to admit or deny any and all remaining allegations contained in Paragraph 26 of the Complaint and therefore denies them in the manner and form alleged.

27. The County is without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore denies them in the manner and form alleged.

28. The County denies the allegations contained in Paragraph 28 of the Complaint in the manner and form alleged.

29. The County is without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore denies them in the manner and form alleged. The County avers that it is generally aware that Sheriff's Deputies provide law enforcement services throughout the County.

30. The County is without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore denies them in the manner and form alleged.

31. The County denies the allegations contained in Paragraph 31 of the Complaint.

32. The allegations contained in Paragraph 32 constitute legal conclusions for which no response is required. To the extent a response is required, the County denies the allegations contained in Paragraph 32 of the Complaint.

33. Plaintiffs voluntarily dismissed Count II on August 21, 2023. (ECF Doc. 31.). Therefore, no response is required. To the extent a response is required, the County denies the allegations contained in Paragraph 33 of the Complaint.

34. The allegations contained in Paragraph 34 constitute legal conclusions for which no response is required. To the extent a response is required, the County denies the allegations contained in Paragraph 34 of the Complaint.

35. The County denies the allegations contained in Paragraph 35 of the Complaint.

36. The County denies the allegations contained in Paragraph 36 of the Complaint.

37. The County is without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint and therefore denies them in the manner and form alleged.

38. The County denies the allegations contained in Paragraph 38 of the Complaint in the manner and form alleged.

39. The County denies the allegations contained in Paragraph 39 of the Complaint.

40. In answer to Paragraph 40 of the Complaint, the County admits that at least some Sheriff's Deputies work a 28-day/171-hour schedule pursuant to 29 U.S.C. § 207(k) for purposes of determining overtime compensation. The County is without sufficient information to admit or deny the remaining allegations contained in Paragraph 40 of the Complaint and therefore denies them.

41. The allegations contained in Paragraph 41 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, the County denies the allegations contained in Paragraph 41 of the Complaint.

42. The County is without sufficient information to admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore denies them.

43. The County is without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint and therefore denies them.

44. The County is without sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint and therefore denies them.

45. The County is without sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore denies them.

46. The County is without sufficient information to admit or deny the allegations contained in Paragraph 46 of the Complaint and therefore denies them.

47. The County is without sufficient information to admit or deny the allegations contained in Paragraph 47 of the Complaint and therefore denies them.

48. The County denies the allegations contained in Paragraph 48 of the Complaint.

49. The County denies the allegations contained in Paragraph 49 of the Complaint in the manner and form alleged.

50. The County is without sufficient information to admit or deny the allegations contained in Paragraph 50 of the Complaint and therefore denies them in the manner and form alleged.

51. The County denies the allegations contained in Paragraph 51 of the Complaint.

52. The County denies the allegations contained in Paragraph 52 of the Complaint.

53. The County denies the allegations contained in Paragraph 53 of the Complaint.

54. The County denies the allegations contained in Paragraph 54 of the Complaint.

55. The County denies the allegations contained in Paragraph 55 of the Complaint.

56. The County denies the allegations contained in Paragraph 56 of the Complaint in the manner and form alleged.

57. The County denies the allegations contained in Paragraph 57 of the Complaint.

58. The County denies the allegations contained in Paragraph 58 of the Complaint.

## CLASS ACTION ALLEGATIONS FOR COUNTS II, III & IV

**A.     Class Definitions**

59. In answer to Paragraph 59 of the Complaint, avers that Plaintiffs voluntarily dismissed Count II on August 21, 2023. (ECF Doc. 31.) Therefore, no response is required. To the extent a response is required, the County denies the allegations contained in Paragraph 59 of the Complaint. The County further affirmatively denies that this action should proceed as a class or collective action.

60. Paragraph 60 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 60 of the Complaint does allege any facts requiring a response, those allegations are denied. The County further affirmatively denies that this action should proceed as a class or collective action.

61. Paragraph 61 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 61 of the Complaint does allege any facts requiring a response, those allegations are denied. The County further affirmatively denies that this action should proceed as a class or collective action.

B. **Efficiency of Class Prosecution of Common Claims**

62. The County denies the allegations contained in Paragraph 62 of the Complaint.

C. **Numerosity and Impracticality of Joinder**

63. The County denies the allegations contained in Paragraph 63 of the Complaint.

D. **Common Questions of Law and Fact**

64. The County denies the allegations contained in Paragraph 64 of the Complaint in the manner and form alleged.

65. The County denies the allegations contained in Paragraph 65 of the Complaint in the manner and form alleged.

E. **Typicality of Claims and Relief Sought**

66. The County denies the allegations contained in Paragraph 66 of the Complaint.

F. **Adequacy of Representation**

67. The County denies the allegations contained in Paragraph 67 of the Complaint in the manner and form alleged.

G. **Rule 23(B)(3) Requirements**

68. The County denies the allegations contained in Paragraph 68 of the Complaint.

69. The County denies the allegations contained in Paragraph 69 of the Complaint.

70. The County denies the allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 71 of the Complaint does allege any facts requiring a response, Defendant denies them.

72. The County denies the allegations contained in Paragraph 72 of the Complaint in the manner and form alleged.

73. Paragraph 73 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 73 of the Complaint does allege any facts requiring a response, Defendant denies them.

## COLLECTIVE ACTION ALLEGATIONS FOR COUNT I

74. Paragraph 74 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 74 of the Complaint does allege any facts requiring a response, the County denies them.

75. The County denies the allegations contained in Paragraph 75 of the Complaint.

76. The County denies the allegations contained in Paragraph 76 of the Complaint.

77. The County denies the allegations contained in Paragraph 77 of the Complaint in the manner and form alleged.

78. The County denies the allegations contained in Paragraph 78 of the Complaint in the manner and form alleged.

79. Paragraph 79 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 79 of the Complaint does allege any facts requiring a response, those allegations are denied. The County further affirmatively denies that this action should proceed as a class or collective action.

80. The County is without sufficient information to admit or deny the allegations contained in Paragraph 80 of the Complaint and therefore denies them.

81. The County denies the allegations contained in Paragraph 81 of the Complaint.

82. The allegations contained in Paragraph 82 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required, the County denies the allegations contained in Paragraph 82 of the Complaint.

83. The allegations contained in Paragraph 83 of the Complaint constitute legal conclusions for which no response is required. To the extent a response is required, the County denies the allegations contained in Paragraph 83 of the Complaint.

## COUNT I

### FAIR LABOR STANDARDS ACT (FLSA)

84. The County denies the allegations contained in Paragraph 84 of the Complaint.

85. The County denies the allegations contained in Paragraph 85 of the Complaint in the manner and form alleged. The County affirmatively denies that it was an employer under FLSA for Plaintiff Hatcher or any other Sheriff's Deputy.

86. In answer to Paragraph 86 of the Complaint, the County admits that FLSA applies to Plaintiff Hatcher and Sheriff's Deputies. The County denies that it was an employer under FLSA for Plaintiff Hatcher or any other Sheriff's Deputy and denies any and all remaining allegations contained in Paragraph 86 of the Complaint.

87. The County denies the allegations contained in Paragraph 87 of the Complaint in the manner and form alleged.

88. The County denies the allegations contained in Paragraph 88 of the Complaint.

89. The County denies the allegations contained in Paragraph 89 of the Complaint.

90. The County denies the allegations contained in Paragraph 90 of the Complaint.

91. The County denies the allegations contained in Paragraph 91 of the Complaint.

92. The County denies the allegations contained in Paragraph 92 of the Complaint.

93. The County denies the allegations contained in Paragraph 93 of the Complaint.

## COUNT II

**VIRGINIA WAGE PAYMENT ACT (VWPA), VA CODE § 40.1-29(J)**

94. Plaintiff voluntarily dismissed Count II on August 21, 2023. (ECF Doc. 31.) As such, no response is required to the allegations contained in Paragraph 94 of the Complaint. To the extent a response is required, the County denies the allegations contained in Paragraph 94 of the Complaint.

95. Plaintiff voluntarily dismissed Count II on August 21, 2023. (ECF No. 31.) As such, no response is required to the allegations contained in Paragraph 95 of the Complaint. To the extent a response is required, the County denies the allegations contained in Paragraph 95 of the Complaint.

96. Plaintiff voluntarily dismissed Count II on August 21, 2023. (ECF No. 31.) As such, no response is required to the allegations contained in Paragraph 96 of the Complaint. To the extent a response is required, the County denies the allegations contained in Paragraph 96 of the Complaint.

97. Plaintiff voluntarily dismissed Count II on August 21, 2023. (ECF No. 31.) As such, no response is required to the allegations contained in Paragraph 97 of the Complaint. To the extent a response is required, the County denies the allegations contained in Paragraph 97 of the Complaint.

## COUNT III

**VIRGINIA GAP PAY ACT (VGPA), VA. CODE § 9.1-700, *et seq*.**

98. The County denies the allegations contained in Paragraph 98 of the Complaint.

99. In answer to Paragraph 99 of the Complaint, the County avers that Virginia Code § 9.1-700, *et seq.* speaks for itself. The County denies any and all remaining allegations contained in Paragraph 99 of the Complaint in the manner and form alleged.

100. The County denies the allegations contained in Paragraph 100 of the Complaint.

101. The County denies the allegations contained in Paragraph 101 of the Complaint.

102. The County denies the allegations contained in Paragraph 102 of the Complaint in the manner and form alleged.

103. The County denies the allegations contained in Paragraph 103 of the Complaint.

104. The County denies the allegations contained in Paragraph 104 of the Complaint in the manner and form alleged.

105. The County denies the allegations contained in Paragraph 105 of the Complaint in the manner and form alleged.

106. The County denies the allegations contained in Paragraph 106 of the Complaint.

107. The County denies the allegations contained in Paragraph 107 of the Complaint.

108. The County denies the allegations contained in Paragraph 108 of the Complaint.

109. The County denies the allegations contained in Paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 110 of the Complaint does allege any facts requiring a response, those allegations are denied. The County further affirmatively denies that this action should proceed as a class or collective action.

## COUNT IV

## VIRGINIA OVERTIME WAGE ACT (VOWA), VA. CODE § 40.1-29.2

111. In answer to Paragraph 111 of the Complaint, the County avers that Virginia Code § 40.1-29.2 speaks for itself. The County denies any and all remaining allegations contained in Paragraph 111 of the Complaint in the manner and form alleged.

112. The County denies the allegations contained in Paragraph 112 of the Complaint.

113. In answer to Paragraph 113 of the Complaint, the County avers that the statutory amendments speak for themselves. The County denies any and all remaining allegations contained in Paragraph 113 of the Complaint in the manner and form alleged.

114. In answer to Paragraph 114 of the Complaint, the County admits that VOWA contained an explicit waiver of sovereign immunity from July 1, 2021 through June 30, 2022. The County avers that Exhibit 2 speaks for itself. The County denies that Plaintiff Hatcher or any other Sheriff's Deputy has a private right of action against the County and denies any and all remaining allegations contained in Paragraph 114 of the Complaint in the manner and form alleged.

115. The County denies the allegations contained in Paragraph 115 of the Complaint.

116. The County denies the allegations contained in Paragraph 116 of the Complaint in the manner and form alleged.

117. The County denies the allegations contained in Paragraph 117 of the Complaint in the manner and form alleged.

118. The County denies the allegations contained in Paragraph 118 of the Complaint.

119. The County denies the allegations contained in Paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint does not allege facts requiring a response from the County. To the extent Paragraph 120 of the Complaint does allege any facts requiring a response,

those allegations are denied. The County further affirmatively denies that this action should proceed as a class or collective action.

## PRAYER FOR RELIEF FOR COUNT I

### FLSA Claim

121. The County denies all allegations contained in, and rights to relief raised in, Paragraphs A – K. The County further affirmatively denies that this action should proceed as a class or collective action.

## PRAYER FOR RELIEF FOR COUNTS II-IV

### Virginia State Law Wage Claims

122. The County denies all allegations contained in, and rights to relief raised in, Paragraphs A – F. The County further affirmatively denies that this action should proceed as a class or collective action.

## SPECIAL AND AFFIRMATIVE DEFENSES

123. The County denies all allegations not specifically admitted herein, including allegations in any unnumbered paragraphs.

124. The County denies that it is indebted to Plaintiffs in the amount claimed or in any amount for the reasons stated or for any reason.

125. The County avers that Plaintiffs have failed to state a cause of action upon which relief can be granted.

126. The County was not the employer or joint employer of Plaintiff Hatcher or any other Sheriff's Deputy under the FLSA, VOWA, or VGPA.

127. The time Plaintiff Hatcher and other Sheriff's Deputies spent traveling to work, even in an employer-provided vehicle, is not compensable as a matter of law under the FLSA and

Portal-to-Portal Act or the corollary state statutes (VOWA and VGPA) under which they have sued.

128. The FLSA preempts the claim under the VOWA.

129. The County avers that all actions were taken in good faith and based on legitimate, non-retaliatory, and nondiscriminatory reasons and were not solely or in part, based on any illegal, discriminatory, retaliatory, or wrongful motives or consideration.

130. The County will rely on any and all properly provable defenses to this action which are revealed through investigation, discovery, or at trial and reserves the right to amend this Answer to the Complaint at any time.

WHEREFORE, for the forgoing reasons, the County of Hanover, Virginia, by counsel, respectfully requests judgment in its favor and to the extent permitted by law.

**TRIAL BY JURY IS DEMANDED.**

                                        **THE COUNTY OF HANOVER, VIRGINIA**

                                        By Counsel

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Sarah M. Carroll (VSB No. 93442)
Counsel for The County of Hanover, Virginia
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com
scarroll@hccw.com

## **C E R T I F I C A T E**

  I hereby certify that on the 29th day of March, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Craig Juraj Curwood (VSB No. 43975)
    Zev H. Antell, Esq. (VSB No. 74634)
    Samantha R. Galina (VSB No. 96981)
    Butler Curwood, PLC
    140 Virginia Street
    Suite 302
    Richmond, VA 23219
    804-648-4848 - Phone
    804-237-0413 - Fax
    craig@butlercurwood.com
    zev@butlercurwood.com
    samantha@butlercurwood.com

            /s/ David P. Corrigan
            David P. Corrigan (VSB No. 26341)
            Melissa Y. York (VSB No. 77493)
            Sarah M. Carroll (VSB No. 93442)
            Counsel for the County of Hanover, Virginia
            Harman, Claytor, Corrigan & Wellman
            P.O. Box 70280
            Richmond, Virginia 23255
            804-747-5200 - Phone
            804-747-6085 - Fax
            dcorrigan@hccw.com
            myork@hccw.com
            scarroll@hccw.com