UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHRISTOPHER HATCHER individually on behalf of himself, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID R. HINES, SHERIFF OF THE COUNTY OF HANOVER, VIRGINIA, *et al.* <br><br> Defendants. | CASE NO. <u>3:23-cv325-JAG</u> <br><br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT MOTION TO STRIKE HANOVER COUNTY'S FILING OF ADDITIONAL EVIDENCE** |

Plaintiff Chritopher Hatcher, on behalf of himself and all others similarly situated, respectfully moves this Court to Strike Hanover County's Notice of Filing Additional Evidence ([ECF. 58-58-4]) as an untimely and improper attempt to augment the record before the Court with respect to Plaintiffs' Motion for Class Certification pursuant to Rule 23.

### **Factual Background**

1. On December 18, 2023, Plaintiffs moved for Class Certification. [ECF. 44].

2. On January 19, 2024, the County timely filed its opposition papers. [ECF. 48].

3. On February 5, 2024, Plaintiffs' timely filed their reply. [ECF. 53].

4. On April 19, 2024, the Court set a hearing on the matter to be held on Wednesday, May 22, 2024.

1

5. On Friday, May 17, 2024, the County of Hanover filed a "Notice of Additional" filing and four exhibits encompassing a total 130 pages for the purpose of providing "additional evidence for consideration." [ECF.58 at 1].

6. The notice was filed approximately three and one half (3 ½) months after class certification had been fully briefed and it arrived with no attendant motion or memorandum to justify the supplementation of the record.

7. Additionally, the exhibits filed along with the notice all appear to be documents that could have been filed alongside the County's opposition brief on January 19, 2024.

8. Ex. 1 is deposition transcript dated November 13, 2023. Exs. 2 and 3 are Hanover Sheriff policies that have existed since 2022 and 2017, respectively. Ex. 4 is a declaration that was created on May 17, 2024, but the declarant is a Sheriff's office employee (Greg Six) who was also a 30(b)(6) deponent in this matter and is an individual who has already submitted a sworn declaration in this matter. *See* [ECF. 49-1].

9. Counsel for the County was present at Sheriff's Deputy Six's deposition but elected not to elicit any testimony from him. *See* ECF 45-5 at pp. 4-5 (indicating appearances of counsel and which counsel conducted examination).

10. Now the County submits a self-serving declaration of this witness three business days before this Court's hearing on the class certification motion.

## ARGUMENT

Hanover County's Notice should be struck because it is both several months late and because it seeks to improperly augment the record by providing sworn testimony by way of a

declaration that cannot be rebutted or tested because the record has already closed.

Local Rule 7(f) sets out a baseline briefing schedule for opposition and reply briefs which can be amended upon the agreement of the parties and the Court. No such agreement is/was in place allowing the supplement sought by the County. Moreover, Local Rule 7(f) expressly states that other than the briefing set forth in the rule that "[n]o further briefs or written communications may be filed without first obtaining leave of Court." *See also Taylor v. Revature, LLC*, 2023 U.S. Dist. LEXIS 174801 *12 (E.D. Va. Sep. 28, 2023) (striking a surreply filed without leave of Court).

Aside from untimeliness of the County's submission, it would be plainly unfair to allow the County to augment the record, several months after the completion of briefing, and just three business days before the hearing on Class Certification. In this respect, the County's inclusion of a Declaration from Captain Six, as well as the whole of his deposition transcript, is particularly egregious. All parties had the opportunity to depose Captain Six and include whatever deposition excerpts they wished in their briefing. Similarly, the County and the Sheriff had the opportunity to supplement that deposition record through the submission of declarations from Captain Six. In fact, former Defendant, Sheriff Hines, did just that five (5) months ago on January 19, 2024. *See* ECF 49-1 (Declaration of Captain Gregory Six). The effect of allowing the County's submission into the record would be to countenance the County's *post-hoc* effort to create a record that it believes best supports denial of certification. That the County's effort comes at a time when Plaintiffs have no opportunity for rebuttal only serves to further underscore the incongruency created by the County's submission.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Strike.

3

DATED: May 20, 2024                            Respectfully submitted,

By: */s/  Zev H. Antell*
Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: 804-648-4848
Fax: 804-237-0413
Email: craig@butlercurwood.com
       zev@butlercurwood.com
       samantha@butlercurwood.com

**Attorneys for Plaintiff, the FLSA Collective, and the Putative Rule 23 Class**

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

*/s/  Zev H. Antell*
Zev H. Antell (VSB No. 74634)

4