**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**CHRISTOPHER HATCHER,** *et al.,*

      **Plaintiffs,**

  **v.**                                 **Civil Action No. 3:23cv325**

**THE COUNTY OF HANOVER, VIRGINIA,**

      **Defendant.**

## ORDER

This matter comes before the Court on Plaintiffs' Motion For Leave to File Exhibits Under Seal in Support of Plaintiff's Motion for Partial Summary Judgment (the "Motion"). (ECF No. 105.) Defendant has not filed a response to the Motion, and the time to do so has expired. Former-defendant David R. Hines, in his official capacity as the Sheriff of Hanover County, filed a Memorandum in Support of Plaintiff's Motion to File Exhibits Under Seal.[1] (ECF No. 109.)

In the Motion, Plaintiffs ask the Court for "leave to file Plaintiffs' unredacted Exhibits 1 and 4 under seal." (ECF No. 105, at 1.) In support of the Motion, Plaintiffs note that this Court "entered a Protective Order Governing Discovery and Production of Confidential Information" on October 24, 2023. (ECF No. 106, at 1.) Plaintiffs state that "[c]onsistent with that Order, the then-Defendant Hanover County Sheriff's Office [] produced certain materials which it deemed 'Confidential'", including Exhibits 1 and 4, which Plaintiffs include in support of their Motion

---

[1] As the party that designated the documents at issue as confidential pursuant to the Court's Agreed Protective Order, (ECF No. 39), Sheriff Hines filed his response pursuant to Local Rule 5(C), which states, in pertinent part: "When a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order." E.D. Va. Local Civ. R. 5(C).

for Summary Judgment.  (ECF No. 106, at 1.)  In his response to Plaintiffs' Motion, Sheriff Hines, in his official capacity as the Sheriff of Hanover County, represents that he designated as confidential "an Administrative Order regarding 'Patrol' operations and an Administrative Order regarding the 'Take Home Vehicle Program,'" which Plaintiffs attached as Exhibits 1 and 4 to their Motion for Partial Summary Judgment.  (ECF No. 109, at 2.)  According to Sheriff Hines, both documents "establish methods and procedures that [] supervisors, deputies, and employees use when conducting patrol operations, including where, when, and how patrol deputies will be stationed during their work shifts; where and when patrol vehicles will be located; what incidents or events require back-up or supervision; and the use of confidential informants, among others." (ECF No. 109, at 2.)  Sheriff Hines contends that Exhibits 1 and 4 should be sealed to "keep[] sensitive law enforcement methods and techniques confidential."  (ECF No. 109, at 4.)

Prior to sealing a document, the Court must:

(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publ'g Co.*, 743 F.3d 231, 235–36 (4th Cir. 1984)).  Each of these factors supports sealing of the three Exhibits referenced in the Motion.

First, Plaintiffs' Motion has provided public notice of the request to seal.  It also has allowed interested parties a reasonable opportunity to object.

Second, the Court has considered less drastic alternatives to sealing the unredacted versions of the Exhibits and finds that no other alternative will protect the privacy interests at issue here.  The Exhibits contain "sensitive law enforcement methods and techniques."  (ECF No. 109, at 4.)  The need to protect that information outweighs the public's right to access in this

2

case. *See Ashcraft*, 218 F.3d at 302; *see also ZUP, LLC v. Nash Mfg., Inc.*, No. 3:16-cv-125 (HEH), 2016 WL 11082038, at *1 (E.D. Va. Oct. 27, 2016).

Third, the Exhibits contain information that, if disclosed, "would hinder Sheriff Hines and his deputies' ability to conduct law enforcement operations[.]" (ECF No. 109, at 5.) Because the Court has identified the specific reasons and factual findings supporting its decision to seal the documents, the third factor also weighs in favor of granting the Motion.

Upon due consideration, and pursuant to Local Civil Rule 5, the Court GRANTS the Motion. (ECF No. 105.) An unredacted version of each Exhibit has already been provisionally filed under seal. (ECF Nos. 108, 108-1.) These documents SHALL remain under seal until further order of the Court.

It is SO ORDERED.

Date: 3/28/25
Richmond, Virginia

_____ /s/
M. Hannah Lauck
United States District Judge

3